CHARLES B. POOR *v.* HENRY SMITH, Administrator of
the Estate of HONUAKAHA, deceased.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPT. 23, 1896.                    DECIDED OCT. 27, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Although one presentation of a claim against a decedent's estate is
attached to the complaint as a bill of particulars, another presen-
tation may be proved.

OPINION OF THE COURT BY FREAR, J.

This is an action of assumpsit for $600.00 for moneys ad-
vanced and materials furnished by the plaintiff to the defend-
ant's decedent in his lifetime and interest thereon from Jan-
uary 1, 1879.   The defendant pleaded among other things
that the claim had not been presented to him within six months
from the first publication of his notice to creditors as required
by the statute, and proved this *prima facie* by showing that the
first publication of the notice had been made in the English
and Hawaiian languages respectively December 10 and 14,
1895, and that the claim had been presented to him July
7, 1896.

Plaintiff's counsel then offered to show an earlier presenta-
tion of the claim in the form of a letter dated May 23, 1896,
from plaintiff's attorney in fact, H. F. Poor, to the defendant,
and the latter's reply thereto rejecting the same, dated May
25, 1896; also, since the description of the claim in the letter
differed from that in the complaint, and in the presentation of

July 7, 1896, he offered to show that it was the same claim by connecting the letter with a sworn·statement of the claim in greater detail presented some ten years before to W. R. Castle, who had been appointed but had declined to serve as administrator of this estate. The case comes here on an exception to the refusal of the Court to admit these letters in evidence and an exception to the judgment which was thereupon rendered for the defendant.

The plaintiff referred in his complaint for a fuller description of his claim, to a bill of particulars which was a copy of the presentation of July 7, 1896, and the only ground for the refusal to admit evidence of an earlier presentation was, so far as we can discover, that the plaintiff had limited himself by his complaint to proof of that presentation alone. In our opinion this ruling was erroneous. The error seems to have arisen from the use of the word "claim" in a double sense, or the confusion of the "claim" with the "presentation of the claim." It is true the plaintiff should not be allowed to prove a claim other than that declared on. But he did not attempt to do this. On the contrary, he expressly offered to prove that the claim presented May 23, 1896, was the same as or at least included that declared on and described in the presentation of July 7, 1896. He did not declare on a claim in the sense of a request or presentation, whether made July 7, 1896, or at any other time, but on a claim in the sense of an alleged right to six hundred dollars and interest, and referred to the bill of particulars for a fuller description of the claim. He further alleged that the claim had been presented within the time prescribed by law. The fact that the document used as a bill of particulars had been presented to the administrator on one occasion should not prevent proof that the claim therein described had been presented to him on another occasion.

Whether the claim presented May 23, 1896, was the same as that declared on, or, whether, if the same, it was properly presented, or whether on the whole case judgment was rightly rendered for the defendant, we do not feel justified in deciding upon the record before us, especially in the absence of briefs..

The exceptions are sustained, the judgment of the Circuit Court is reversed and the case remitted to that Court for further proceedings.

*A. Rosa,* for plaintiff.

*W. R. Castle,* for defendant.